IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEX LEO LOPEZ,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | §§§§ | CA No._____ |
| Plaintiff, | §§ | JURY DEMANDED |
| v. | §§ | |
| **INTEC COMMUNICATIONS, LLC,** Defendant. | §§§ | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, INTEC COMMUNINCATIONS, LLC ("Defendant"), failed to pay Plaintiff and others similarly situated minimum wage for all hours works and failed to pay overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

1.2 Plaintiff Alex Leo Lopez, and the similarly situated individuals he seeks to represent, are current and former employees of Defendant who were given the job titles of cable technicians, technicians, installers, cable installers, or installation technicians within the last three years and performed cable tv and security installation services (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated Class Members.

## 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff lives in the Southern District of Texas. Plaintiff worked for Defendant as a cable technician performing cable tv and security installation services for Defendant for approximately two and a half years from 2015-2017.

4.2. The class of similarly situated employees consists of all the job titles cable technicians, technicians, installers, cable installers, or installation technicians who worked for Defendant within the last three years preceding the filing of this Complaint and continuing through the duration of this action who were not paid for all hour worked, were not paid overtime compensation for all hours worked over forty (40) hours in a workweek and/or were not paid the minimum hourly wage in accordance with the FLSA (hereinafter referred to as the "Class Members").

4.3. Named Plaintiff has signed an opt-in consent form to be a party to this action pursuant to 29 U.S.C. §216(b). A true and correct copy of such consent form is attached to this Complaint as Exhibit A. Other Class Members have signed consent forms and joined this action as well. A true and correct copy of such consent forms are attached to this Complaint as Exhibit B.

4.4. Defendant Intec Communications, LLC is an employer qualified to do business in Texas. Defendant can be served by, serving its Registered Agent for Service of Process, Sukhi Jolly, 1207 S. White Chapel Blvd, Suite 200, Southlake, Texas 76092.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant has been an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. FLSA COLLECTIVE ACTION BACKGROUND FACTS

6.1 Defendant is a company that provides cable tv and security installation services.

6.2 Plaintiff was hired to work as a cable technician installing cable tv and security services for Defendant's client Comcast. He worked in that position for two and a half years until the end of his employment on or about June 5, 2017.

6.3 Defendant controlled most of the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the amounts to be deducted from his wages and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.4  As a cable technician, Plaintiff's primary duties included but were not limited to cable tv and security installation for Defendant's client Comcast.

6.5  As a cable technician, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek. Specifically, a typical work schedule required Plaintiff to work more than 60-70 hours per week (working six (6) days per week). Plaintiff was not a member of management. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.6  During the relevant time period, Defendant required Plaintiff and the Class Members to arrive at its warehouse before the start of their first job at or around 8:00am. They were required to return equipment from the prior day, collect inventory needed for that day's assigned jobs, complete paperwork, and receive assigned jobs. Defendant refused to compensate Plaintiff and the Class Members for the time spent working at Defendant's warehouse.

6.7  During the relevant time period, Defendant failed to compensate Plaintiff and the Class Members for any and all time spent driving from one job site to the other within the work

day and in furtherance of Plaintiff and the Class Members' job duties.

6.8   Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.9   As far as compensation, Plaintiff and the Class Members are/were issued a bi-weekly check for some (but not all) of the hours worked in a two-week pay period. Plaintiff and the Class Members were paid based on the amount of money earned for their piece-rate work and were not paid any overtime for the hours worked over forty (40) hours per work week.

6.10  Plaintiff and the Class Members complained about Defendant's failure to pay overtime compensation for all hours worked over forty (40) hours per workweek but their complaints were ignored.

6.11  During the relevant time period, Defendant failed to maintain accurate time records of all hours worked by Plaintiff and the Class Members.

6.12  Defendant engaged in a pattern and practice of deducting certain costs and expenses from the wages of Plaintiff and Class Members, such as toll charges and gas, expenses incurred in the furtherance of the employment duties for Defendant, causing their regular hourly rates in some instances to fall below the federal minimum wage rate per hour.

6.13  There was no clear mutual understanding or agreement between Defendant and Plaintiff or the Class Members that they would be paid using the fluctuating work week method of pay and how that method works, nor did Defendant pay them a fixed rate.  Thus, Defendant is not entitled to utilized the FWW method of pay when determining the regular rate of pay for Plaintiff or Class Members because the amount of compensation it paid to them varied based on the amount of time worked.

## 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all others similarly situated who: (1) currently work or have worked for Defendant on or after the date that is three years preceding the filing of this Complaint; (2) were given job titles such as (but not limited to) cable technicians, technicians, installers, cable installers, or installation technicians; (3) performed cable and/or security residential and commercial installation services; (4) were paid on an hourly basis and earned production and/or bonus compensation; and (5) worked more than 40 hours per week.

7.2 Defendant classified/classifies and paid/pays Plaintiff and the Class Members in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3 Plaintiff and the Class Members all perform the same essential job functions and duties notwithstanding the fact that one individual might have more tenure, experience, or require less supervision than another individual in the same or similar position. At all relevant times, Plaintiff and the Class Members have had substantially similar job duties, and have been subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime for all hours worked over forty (40) hours in a work week.

7.4 The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary. Additionally, the Class Members are so numerous that joinder of all members is impracticable.

7.5 Defendant possesses the names and addresses of Class Members in its records. The Class

Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their overtime wages, liquidated damages, attorneys' fees and other damages.

## 8. FLSA - CAUSES OF ACTION
### (Failure to Pay Overtime and Failure to Pay Minimum Wage)

8.1   Plaintiff incorporates the allegation in the preceding paragraphs.

8.2   Defendant violated the FLSA by failing to pay Plaintiff and the Class Members overtime compensation and/or minimum wage in accordance with the FLSA for all hours worked.

8.3   Defendant effectuated a decision, policy and plan knowingly and purposefully refusing to pay Plaintiff and the Class Members for all hours worked including overtime compensation for all hours worked in excess of forty (40) hours per workweek.

8.3   Defendant failed to compensate Plaintiff and the Class Members for any and all work performed at the warehouse each morning, and for any and all time spent driving to and from job sites within a single workday.

8.4   Defendant failed to keep track of all hours worked by Plaintiff and the Class Members and/or altered the amount of hours reported as worked by Plaintiff and the Class Members.

8.5   Defendant was well aware that Plaintiff and the Class Members worked over forty (40) hours per work week and performed work before the start of assigned jobs (at the warehouse in the morning) and traveling in between jobs during the workday.

8.6   Defendant required that Plaintiff and the Class Members arrive at the warehouse before heading to assigned jobs each day.

8.7   Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was

7

not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.8 Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

8.9 At all relevant times, Defendant was required to keep and maintain accurate records of the hours worked by Plaintiff and the Class Members.

8.10 At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

8.11 Defendant engaged in a pattern and practice of deducting certain costs and expenses from the wages of Plaintiff and the Class Members, at times causing their regular hourly rate to fall below the minimum wage rate under the FLSA. For example, Defendant deducted amounts for gas, tolls and tools, expenses incurred by Plaintiff and the Class Members in furtherance of their employment duties and/or work performed for Defendant.

8.12 As the direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered lost wages and other damages.

8.13 Plaintiff and the Class Members are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

8.14 Plaintiff and the Class Members are readily ascertainable. For purposes of notice, and other purposes related to this action, their names and addresses are readily available from

Defendant.

## 9. JURY DEMAND

9.1     Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1    Plaintiff respectfully requests that judgment be entered against INTEC COMMUNICATIONS, awarding him and all similarly situated employees:

    10.1.1  Unpaid wages for all hours worked during the period specified herein.

    10.1.2  Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

    10.1.3  An equal amount of liquidated damages;

    10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

    10.1.5  Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                                    ATTORNEYS FOR PLAINTIFF