UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CINDY SILVA, on Behalf of Herself and on Behalf of All Others similarly situated, § § § § § Plaintiff, § § v. § § INTEC COMMUNICATIONS, LLC, § § Defendant. § | CASE NO. 4:17-cv-03077 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION TO STAY CASE**

Plaintiff Cindy Silva, on behalf of himself and on behalf of all others similarly situated, ("Plaintiff") and Defendant Intec Communications, Inc. ("Defendant") file this Joint Motion for Approval of Settlement and Motion to Stay would respectfully show the Court the following:

**I.      INTRODUCTION**

Plaintiff and Defendant have reached a settlement of the pending dispute concerning unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). The settlement provides current and former employees who were alleged to have been paid on a piece rate basis and for employees who alleged that they were not paid for all hours worked, a settlement for possible wage and hour claims.   On June 2, 2017, Plaintiff Silva filed this collective action lawsuit. (Doc. 1).  The central allegation was that Defendant failed to pay her overtime when she worked more than 40 hours each week.  Plaintiff was paid on a piece rate basis (admittedly without overtime pay) and later, on an hourly basis.

On February 6, 2018, this Court granted the Parties' Joint Stipulation for Conditional Certification. (Doc. 17).  The Court certified the following class:

1

> **All current and former technicians, and all employees with substantially similar duties, who worked for Intec Communications, LLC at any time from October 31, 2014 to the present.**

(*Id*. at page 1).

Afterwards, 76 individuals joined this case as Opt-In Plaintiffs.[1] The settlement at issue resolves the claims of the Plaintiff and Class Members.

During the discovery period, Defendant provided Plaintiff's Counsel with pay and time records for the Class Members during the relevant time period covered by this lawsuit. Using these records, the Parties calculated the damages they believed could be available to the Class Members. On January 14, 2019, the Parties attended private mediation with Gloria Portella, a mediator with extensive experience in wage and hour litigation. During mediation, the Parties discussed the potential damages owed to the Plaintiff and Class Members, the applicable statute of limitations, and the merits of the case. Through the efforts of Ms. Portella, the Parties were able to reach a settlement. In particular, Ms. Portella made a mediator's proposal that both sides accepted. Now the Parties request that the Court approve this settlement. The final terms of the settlement are reflected in the attached Exhibit "1."

## II. ARGUMENTS AND AUTHORITIES

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages

---

[1] On May 7, 2019, 31 of the opt-in plaintiffs were withdrawn because they either had released all of their claims in the prior FLSA litigation against Defendant or they did not fall within the class definition.

and overtime pay." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Food*, 679 F.2d at 1354.

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1353, 1355. The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).

The Parties agree that the settlement is fair and represents a reasonable compromise of the disputed issues in this case.

    **A.**    **The terms of the settlement provide for substantial compensation for the claims raised in the lawsuit.**

The Parties' settlement is fair and reasonable and provides fair compensation to the Plaintiff and Class Members. Each Plaintiff's actual pay and time records were reviewed and an

3

estimated amount owed for each Plaintiff was calculated. The total amount owed for each individual was then added together to determine the amount owed for the Class.

The settlement is fair and reasonable because the amount is greater than the amount owed on not only the standard two year statute of limitations under the FLSA, but three year limitations period. The damages owed under the three year limitations period was calculated at $20,328.24. Thus, each Plaintiff and Class Member will be entitled to a recovery from this settlement that is greater than the back wages due under the three year limitations period.

The recovery reached in the Settlement Agreement is also significant given that the Parties disagreed over the merits of the case. The Plaintiff argued that the Class Members were not paid for all hours worked after the Class Members were converted to hourly pay. Defendant countered that that when the Plaintiff and Class Members were paid on an hourly basis, they received all overtime wages due to them. Further, the Parties disagreed as to whether the Plaintiff could satisfy his burden to demonstrate that Defendants acted willfully, which in turn affects whether Plaintiff could recover damages for two (2) years or three (3) years prior to the filing of the Complaint. *See* 29 U.S.C. § 255. The Parties also disagreed as to whether Defendant would satisfy its burden of proving good faith and reasonableness and, consequently, the extent to which liquidated damages could be awarded in the case.

Due to the directly conflicting factual allegations and differing views on the applicable law, the Parties believe that the amounts reflected in the Settlement Agreement are in the best interest of the Class Members. In particular, the Settlement Agreement allows the Plaintiff and Class Members to recover an amount that is more than their alleged unpaid wages.

More importantly, the settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, the Class

Members will agree to release Defendant from any and all claims they may have related to wages, back pay and overtime.

**B.     The settlement is fair and reasonable in light of the uncertainty of the outcome.**

The proposed Settlement Agreement is fair to the Plaintiff and Class Members because it provides for a settlement for the Plaintiff and Class Members with damages calculated based upon the actual records for the Class, which each Class Member allocated a separate amount based upon his/her dates of employment, hours worked, and total pay.

The settlement allows each Class Member to receive an amount from the settlement fund that is based upon each individual's proportionate share of the total damages available to all Class Members in the aggregate, net of attorneys' fees and costs.  That is, hypothetically, if a Class Member is owed $2,000 and the total settlement amount is $100,000, his proportionate share of the settlement is two percent (2%) and he will receive that percentage of the settlement proceeds after fees and costs have been deducted. The pro rata allocation to each Class Member is set forth on Exhibit B to the Settlement Agreement.

As part of the settlement, the Parties agreed to a Class Representative Award for Cindy Silva.  Otherwise known as a "service payment" or "incentive award," this amount is in addition to her pro rata settlement share.  In light of the efforts resulting in a settlement on behalf of the Class Members, the valuable contributions Ms. Silva made throughout the litigation, particularly in its initial phases, and the significant risk to her reputation and future employment, Plaintiff submits that the incentive award is reasonable.

**C.     The Parties have agreed on a fair and reasonable notice plan to administer the settlement.**

The Parties have agreed to self-administer this settlement.  The release of claims to the Class Members is a wage and hour release only, and not a broad release of all imaginable claims.

5

In exchange, Defendant will issue payments to the Class Members for nine months after approval of the settlement. This payment plan is to be secured by an Agreed Judgment – attached as Exhibit "B" to the Settlement Agreement. The Parties have asked that the Court stay this case during the period of time when Defendant is issuing the payments. In the event that Defendant defaults, Plaintiff has the right to file the Agreed Judgment and seek enforcement.

      **D.**      **The attorneys' fees sought are fair and reasonable.**

Additionally, the amount for attorneys' fees are fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Plaintiff's Counsel seeks a 33.33% percent fee for the work performed on behalf of the Class.

Plaintiff's Counsel investigated the claims, engaged in significant motion practice, deposed several witnesses, retained an accounting expert, analyzed pay data, managed communication with all Class Members, and performed other work that resulted in a settlement. When evaluating a claim for fees, **a party's success in the litigation is the "most critical."** *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In determining the reasonableness of the requested attorney's fee, the court in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) considered the comparative data about Rule 23 class settlements summarized by the National Economic Research Associates. The NERA Study relied upon by the *Shaw* Court showed that the average result achieved for class members was only **7% to 11% of claimed damages**. Measured against that standard, the settlement in this case is exemplary. Under Plaintiff's theory of the case, Plaintiff's Counsel have successfully prevailed. They acquired a class settlement that provides substantial recovery for each Class Member. Under Defendant's theory, the Class Members would

be owed close to zero. Furthermore, the legal theories involved required substantial expertise in the wage and hour field. Many attorneys would not have understood the nuanced arguments asserted, nor would they have been able to discern whether the Plaintiffs even had a viable claim. Additionally, other lawyers may not have had the expertise to ascertain and evaluate the possible damages awards available to the Class Members in this case. Thus, the work of Plaintiff's Counsel provided a significant benefit to the Class Members.

### E. The settlement should be approved by the Court.

The terms of the settlement have been approved by Plaintiff Silva, her counsel, Defendant, and Defendant's counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Moreover, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. The

settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

Ultimately, there can be no question that this Settlement Agreement represents fair value for the Class Members. Each Class Member will receive back wages and liquidated damages under federal law without the risk or expense of trial. Indeed, the amounts recovered under the settlement are fair on both a collective and individual basis.

### III. CONCLUSION

The terms of the settlement have been approved by Plaintiff, her counsel, Defendant, and Defendant's counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, Plaintiff requests that the Court approve the FLSA settlement.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order approving the Parties' Settlement Agreement. A proposed order is attached for the Court's consideration.

DATE: May 7, 2019

Respectfully submitted,

| | |
|---|---|
| By:/s/ Brett Field | By:/s/ Don Foty |
| Brett Field | Don J. Foty |
| brett@strombergstock.com | dfoty@kennedyhodges.com |
| Stromberg Stock, P.L.L.C. | Kennedy Hodges, LLP |
| Texas State Bar No. 24050596 | Texas State Bar No. 24050022 |
| 8750 North Central Expressway, Suite 625 | 4409 Montrose Blvd., Suite 200 |
| Dallas, Texas 75231 | Houston, TX 77006 |
| Telephone: (972 458-5353) | Telephone: (713) 523-0001 |
| | Facsimile: (713) 523-1116 |
| Attorney for Defendant | |
| Intec Communications, LLC | Lead Attorney for Plaintiff and Class Members |

9