## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by Cindy Silva ("Named Plaintiff"), on behalf of herself and, as the class representative, on behalf of the collective class described herein (collectively "Class Members"), on the one hand, and Intec Communications, LLC ("Intec" a term which includes any parent or subsidiary corporation, and its past and present directors, representatives, shareholders, members, or other interest holders) (the "Defendant") on the other hand (Class Members and Defendant may be referred to herein as the "Parties" or each as the "Party"), with reference to the following facts.

A.  The Named Plaintiff filed a collective action styled *Cindy Silva, on behalf of Herself and on Behalf of all others Similarly Situated v. Intec Communications, LLC*; in the United States District Court for the Southern District of Texas, Galveston Division, Case No. 3:17-cv-00173 ("Silva Case"). That case was later consolidated with the case styled *Alex Lopez, on behalf of Himself and on Behalf of all others Similarly Situated v. Intec Communications, LLC*; in the United States District Court for the Southern District of Texas, Houston Division, case No. H-17-3077 ("Lopez Case") on January 23, 2018 as 4:17-cv-03077. Named Plaintiff allege claims of unpaid overtime.

B.  Defendant denies the allegations and denies that it has any legal or equitable responsibility for the damages, wages, or penalties alleged by Plaintiffs.

C.  On February 6, 2018, the Parties stipulated to conditional certification of a collective class of current and former employees as follows: **All current and former technicians, and all employees with substantially similar duties, who worked for**

EXHIBIT "1"

**Intec Communications, LLC at any time from October 31, 2014 to the present.**

D. The Parties engaged in informal discovery limited by an agreement between the Parties for the sole purpose of estimating damages prior to mediation.

E. On January 14, 2019, the Parties attended mediation and ultimately reached an agreement on key terms of a class settlement through arms-length negotiations between their respective counsel, which are set forth herein.

F. The Named Plaintiff, on behalf of herself and the class of individuals she represents, and the Defendant desire to compromise, settle and release all claims arising out of Defendant's payment of wages and/or overtime compensation to the Class Members, including but not limited to claims arising under the FLSA and analogous state laws, whether known or unknown, which occurred prior to the date of this Agreement.

**NOW, THEREFORE**, in exchange for the promises and consideration set forth below, the sufficiency of which are hereby acknowledged, the Party agree as follows

### 1. Definitions

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1 "Action" means the Collective Action in cause number 4:17-cv-03077.

1.2 "Agreement" or "Settlement Agreement" means this Settlement Agreement including all exhibits.

1.3 "Alleged Claims" means the causes of action alleged in the Complaint filed in the Action.

1.4 "Class Counsel" means Kennedy Hodges, L.L.P.

1.5     "Client Trust Account" means the trust account held by Class Counsel.

1.6     "Court" means the United States District Court for the Southern District of Texas, Houston Division.

1.7     "Defendant" means Intec Communications, LLC, any parent or subsidiary corporation, and its past and present directors, representatives, shareholders, members, or other interest holders.

1.8     "Defendant's Counsel" means the law firm of Stromberg Stock, PLLC.

1.12    "FLSA" shall mean the Fair Labor Standards Act.

1.13    "Settlement Fund" means the sum of SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00).

1.14    "Named Plaintiff" means Cindy Silva.

1.15    "Class Members" means any and all individuals who have opted into this Action by filing, through Class Counsel, a consent form with the Court and who have not since been dismissed from this Action and those individuals who were part of the Lopez Case prior to the consolidation with the Silva Case.

1.16    "Released Parties" means Defendant, Defendant's successors in interest, past, present, or future parents, subsidiaries and affiliated corporations and their past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, joint employers, representatives, accountants, auditors, attorneys, consultants, insurers, and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents, and each of their company-sponsored employee benefit plans, and all of their respective officers directors, employees, administrators, fiduciaries, trustees, and

agents.

## 2. Jurisdiction

If this Agreement is approved by the Court, the Court will retain jurisdiction of this lawsuit for the purpose of interpreting, implementing, and enforcing the Agreement consistent with the terms discussed herein.

## 3. FLSA Compliance

Class Counsel conducted a thorough investigation into the facts of the Action and diligently pursued an investigation of Plaintiff's Alleged Claims against Defendant. Based on this investigation and evaluation, Class Counsel agrees that the terms set forth in this Agreement are fair, reasonable, and adequate, and in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by the Defendant, and potential appellate issues.

This Agreement constitutes a fair compromise by the Parties and does not impermissibly frustrate implementation of the FLSA. Nothing set forth herein shall be deemed to prohibit Defendant from asserting in the future that compliance with the orders or decisions entered in this litigation constitutes good faith or reasonable grounds for believing that future acts or omissions are not a violation of the FLSA.

It is Plaintiff's desire to fully, finally, and forever settle, compromise, and discharge Plaintiff's Alleged Claims in consideration for the actions, promises, covenants, and releases described herein. It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all wage and hour claims against all Released Parties.

Defendant denies any liability or wrongdoing of any kind associated with the Alleged Claims in this Action. This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Released Parties. The

Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

### 4. Payment of Money

In consideration for the release of claims identified herein and dismissal of Plaintiff's Alleged Claims against Defendant, , Defendant agrees to pay to Class Members SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00) (the "Settlement Fund"). Defendant's share of payroll taxes (e.g., UI, ETT, Social Security and Medicare taxes), if any, is not part of the Settlement Fund. The settlement payments paid from the Settlement Fund to Plaintiffs will be classified as fifty percent (50%) W-2 wages and fifty percent (50%) penalties. The portion of the settlement allocated to penalties will be reported to the Internal Revenue Service and all applicable state or local taxing authorities by means of Form 1099s to the Class Members and Class Counsel. Defendant will, within the time permitted by law, issue Form W-2s to the Class Members for the portion allocated as wages.

Defendant further agrees to pay from the Settlement Fund an incentive payment to Cindy Silva in the amount of Five Thousand Dollars ($5,000.00) for service as the Class Representative and her agreement to execute the general release in section 7. This payment does not increase the amount of the Settlement Fund to be paid by Defendant.

The Settlement Fund shall be divided as indicated in Exhibit "A" to this Agreement.

Except for the fees, costs, and other expenses as set forth herein in this Section, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this Action and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

All payments from Defendant contemplated by this settlement and this Agreement will be made from the Settlement Fund. Class Counsel agrees that the amount set forth in this Paragraph 4 constitutes full payment for all of the claims that have been brought in this Action and that they will not seek payments of any kind as to the claims brought in this Action that would exceed the amount set forth above in Paragraph 4, provided that nothing herein shall prohibit the Parties from seeking additional payments (though litigation or otherwise) in the event the Parties do not fully perform every material term of this Agreement.

## 5. Payment Schedule

Defendant's settlement payments will be made on the following schedule:

**(a)** Within thirty (30) days of the Court granting Approval of the settlement, the Parties execution of this Settlement Agreement, and the Released Parties receives a completed W-9 form from Class Counsel, Defendant shall pay TWENTY FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00) out of the Settlement Fund.

**(b)** Within thirty (30) days from the date payment described in Section 5(a) is made, Defendant shall begin making payments of SIX THOUSAND TWO HUNDRED FIFTY DOLLARS AND NO/100 ($6,250.00) per month for a total of eight (8) months to Class Counsel which amount will be distributed from the Client Trust Account amongst the Plaintiffs.

### 6. Disposition of Claims and Defendants

Defendant agrees to enter into an Agreed Judgment in the amount of One Hundred and Twelve Thousand Five Hundred Dollars ($112,500.00). A true and correct copy of the Agreed Judgment to be filed is attached to this Agreement as Exhibit "B." The Agreed Judgment will be submitted to the Court only in the event that the Defendant defaults under the terms of this Settlement Agreement. The Action shall be stayed after Approval of this Agreement by the Court, and it shall remain stayed unless and until Defendant commits a default under this Agreement, at which time Class Counsel may move to re-open the Action and seek to enter the Agreed Judgment.

In the event Defendant fails to make a payment within three (3) business days of the due date as established in this Agreement, Class Counsel will provide notice to Defendant's Counsel of the default. In the event of a default that is not cured pursuant to Paragraph 9, Class Counsel will have the right to seek the entry of the Agreed Judgment and to execute upon the judgment.

Within five (5) business days of full payment of all sums in the time and manner set forth above in Paragraphs 4 and 5, Class Counsel shall file a Stipulation of Dismissal with prejudice.

### 7. Class Members Release of Claims

By execution of this Agreement, Plaintiff Silva, for herself and on behalf of all individuals who have joined this case as opt-in plaintiffs, shall fully and forever release and discharge the Released Parties of and from any and all known and unknown wage and hour claims demands, causes of action, charges and grievances accrued as of the date of execution of this Agreement, which they ever had or now have arising from or relating to Plaintiffs' hours of work, payment of wages, or payment of overtime compensation and all claims that were asserted or could have been asserted in the Action that relate to the subject matter of this Action, including but not limited to claims for unpaid overtime wages, minimum wages, liquidated damages, penalties and interest under the FLSA, and claims arising from analogous state wage and hour laws.

By execution of this Agreement, Plaintiff Silva, in her individual capacity, agrees to release and fully and forever release and discharge the Released Parties of and from any and all known and unknown claims demands, causes of action, charges and grievances accrued as of the date of execution of this Agreement, including all claims arising out of tort, common law, or statute. Nothing in this release shall apply to any claim for damages arising out of any personal injuries.

This Release provision shall immediately become null and void as to Defendant if Defendant does not fully perform under Paragraphs 4 and 5 herein and does not cure the breach within fifteen (15) days of Defendant's Counsel receiving written notice of the breach. The statute of limitations against the Released Parties shall be tolled from the date the Complaint in this case was first filed.

8. **Settlement Allocation**

The settlement payment to be made to each Plaintiff shall be determined by Class Counsel based on the data provided by Defendant and the statements from each of the Plaintiffs. The total payments made to each Plaintiff in accordance with Class Counsel's determination are provided in Exhibit A.

9. **Duties of the Parties to Obtain Court Approval**

Within five (5) days of full execution of this Agreement, the Parties shall jointly file a request for Approval of the Settlement and for the the Court stay this Action pending Defendant's payment of the settlement proceeds.

Upon Approval of the settlement, the Parties agree that this Action shall be stayed, and may only be reopened for the purpose of enforcing this Agreement, or in the event Defendant does not fully perform under paragraphs 4 and 5 herein and does not cure the breach within

fifteen (15) days of Defendant's counsel receiving written notice of the breach. In the event of an uncured breach by Defendant, the Parties agree that the total amount of the Judgment shall be reduced by any payments made under this Agreement.

Upon payment of all sums due under this Agreement, Class Counsel shall, within five (5) business days of the final payment made by Defendant, file a request for dismissal of this Action with prejudice.

### 10. Severability

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the Parties, as determined from the face of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

### 11. Integration

This Agreement, contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital. All oral discussions and prior agreements are merged herein, other than any enforceable confidentiality agreements that Plaintiff may have signed while Plaintiff was employed by Released Party or one of its related entities that pertain to non-disclosure of confidential and/or proprietary information of Released Party or one of its related entities, which remain in full force and effect (including after the execution of this Agreement), and this Agreement does not alter the promises and covenants contained therein.

### 12. Binding Effect

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, legatees, personal representatives and other legal representatives, parents, subsidiaries, affiliates, predecessors, successors and assigns. No provision of this Agreement may be amended or waived, except by a statement in writing signed by the Party against which enforcement of the amendment or waiver is sought.

### 13. Captions

The captions utilized herein have been inserted solely for identification and reference purposes only and shall not be used in the construction or interpretation of this Agreement.

### 14. Non-Admission of Liability

Named Plaintiff acknowledges that the consideration detailed herein does not constitute an admission of liability, express or implied, on the part of Defendant with respect to any fact, matter or event which may be involved in the Action or in any underlying events or incidents. The Named Plaintiff acknowledges that Defendant is providing the Class Members with the above-recited consideration solely for the purposes of resolving this Action.

Nothing in this Agreement, nor the existence of this Agreement, shall be interpreted to render either of the Parties as the prevailing party for any purpose.

### 15. Counterparts

This Agreement may be signed in separate counterparts, which together shall constitute one instrument.

### 16. Facsimile or PDF Signatures

A signed facsimile or PDF version of this Agreement shall have the same force and

effect as a signed original of this Agreement.

### 17. Choice of Law

This Agreement shall be construed in accordance with the laws of Texas.

### 18. Waiver

No term or condition of this Agreement may be waived except in a writing signed by the party to be bound thereby.

### 19. Modification

This Agreement may not be amended, except in writing signed by the Parties hereto.

### 20. Confidentiality:

(a) **Terms and Negotiation to be Kept Confidential. Named** Plaintiff and Released Parties understand and agree that all settlement negotiations related to the Alleged Claims, any offers of settlement made by Released Parties, including the dollar amounts of same, and the existence and terms of this Agreement are and shall remain confidential, meaning that the Class Members and Released Parties shall not discuss or disclose such matters to anyone except as compelled by judicial process or by law and as set forth in this Agreement, and that this is a material provision of this Agreement. Plaintiffs may disclose the terms of this Agreement only to their financial advisors, tax advisors, spouse (if any), and attorneys. Released Parties may disclose the terms of this Agreement only to its financial advisors, tax advisors, directors, officers, shareholders, attorneys, and managers with a bona fide need to know. In addition, Class Members, Class Members' spouses (if any), Released Parties, Class Counsel, and Released Parties' attorneys agree not to directly or indirectly refer to the Claims, Settlement Amount, Settlement Agreement, any offers by Released Parties to settle the Alleged Claims, and any Party to the Alleged Claims or this Settlement Agreement

or their attorneys, on or in any websites, social media, documents, publications, or other public communications of any type whatsoever, unless required by law. Class Members and Released Parties agree that, in response to any inquiry regarding the Alleged Claims, Plaintiffs and Released Parties will state only words to the effect that, "The matter has been resolved."

(b) **Testimony in Other Proceedings.** If Class Members are asked to testify, subpoenaed, or otherwise compelled to testify in connection with any matter against any of the Released Parties, Class Members shall notify Released Parties in writing as set forth below so that Released Parties may move to quash the subpoena and/or take any other action, if any, Released Parties deem appropriate to preserve the confidentiality terms of this Agreement. Should Class Members nevertheless be compelled to testify pursuant to subpoena or other legal process, Class Members shall cooperate with Released Parties and Released Parties' attorneys to the end that the confidentiality of this Agreement and other confidential information described in subparagraph (a) above be preserved; such cooperation is to include consultation with Released Parties and Released Parties' attorneys upon reasonable notice and terms before any Class Member is to provide testimony. If compelled to testify, the Class Member shall provide at all times truthful testimony and nothing in this Agreement should be construed otherwise.

(c) **Tax Reporting and Government Investigation.** Nothing in this Agreement is intended to or shall be construed to impede the right or duty of the Party to file taxes honestly, to report income honestly, to testify truthfully, or to cooperate with any governmental investigation.

(d) **Notices.** Class Members agree that they will notify Released Parties in writing as soon as reasonably practical or, at the latest, within five (5) calendar days of the

receipt of any subpoena, court order, administrative order or other legal process requiring disclosure of information subject to this Paragraph (including subparagraphs) of the Agreement. Any notice and any other notices required under this Agreement shall be served upon Released Parties via email, fax, or U.S. Mail as follows:

> Brett Field
> Stromberg Stock, P.L.L.C.
> 8750 N. Central Expy., Suite 625
> Dallas, TX 75231
> (972) 458-5353
> (972) 458-5316 [direct]
> (972) 861-5339 [fax]
> Brett@StrombergStock.com

**INTEC COMMUNICATIONS, LLC**

By:_____
Sukhi Jolly, President of Intec Communications, LLC

By:_____
Cindy Silva, on behalf of herself and all Class Members

**APPROVED AS TO CONTENT AND FORM:**

By: *Brett Field*
Brett Field, Counsel for Defendant

By:_____
Don Foty, Counsel for Plaintiffs

# EXHIBIT "A"

| First Name | Last Name | Settlement Allocation |
|---|---|---|
| Albert | Omstead | $485.87 |
| Alejandro | Gonzalez | $584.67 |
| Bao | Le | $1,340.41 |
| Bobby | Cao | $485.87 |
| Bowie | Cupit | $485.87 |
| Brian | McCray | $485.87 |
| Brian | Jackson | $493.42 |
| Cheiu | Le | $485.87 |
| Cindy | Silva | $2,734.66 |
| Daniel | Nicolaidis | $485.87 |
| Danny | Wheeler | $485.87 |
| Dominic | Swinton | $864.06 |
| Ed | Lopez | $789.80 |
| Eddy | Remy | $485.87 |
| Edgar | Tirado | $485.87 |
| Emmanuel | Lozano | $485.87 |
| Eric | Morrison | $777.39 |
| Flores | Arnoldo | $485.87 |
| Geoffrey | Gabrielson | $485.87 |
| George | Robertson | $485.87 |
| Gerry | Larmond | $777.39 |
| Hosea | Heath | $485.87 |
| Irving | Tejada | $777.39 |
| James | White | $485.87 |
| Javier | Costilla | $522.16 |
| Jeff | Cochran | $485.87 |
| Jerrick | McCray | $1,607.39 |
| Joshua | Brown | $1,234.69 |
| Lopez | Alex | $2,083.26 |
| Marvin | Monroe | $485.87 |
| Massiah | Ayinde | $777.39 |
| Nathaniel | Main | $1,047.81 |
| Nghi | Ngo | $4,268.11 |
| Nick | Norment | $485.87 |
| Rodrigo | DeLaRosa | $485.87 |
| Shaun | Kemp | $485.87 |
| The | Tran | $485.87 |
| Tin | Van | $485.87 |
| Troncoso | Emilio | $777.39 |
| Trung | Le | $1,720.92 |
| Tyre | Richards | $777.39 |
| Tyron | Fletcher | $485.87 |
| Varnell | Christopher | $777.39 |
| Warren | Estrick | $485.87 |
| Wayne | Kelley | $2,627.68 |
| Wright | Kenneth | $485.87 |

| | |
|---|---|
| **Total Settlement** | **$75,000.00** |
| Expenses | $5,492.46 |
| Incentive | $5,000.00 |
| Attorney's Fees | $25,000.00 |
| Net Settlement Fund | $39,507.54 |

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **CINDY SILVA, on Behalf of Herself** § | |
| **and on Behalf of All Others similarly** § | |
| **situated,** § | |
| § | **CASE NO. 4:17-cv-03077** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **INTEC COMMUNICATIONS, LLC,** § | |
| § | |
| **Defendant.** § | |

## JOINT STIPULATION FOR ENTRY OF AGREED JUDGMENT
## AND AGREED JUDGMENT

Plaintiff Cindy Silva, on behalf of herself and all others similarly situated, and Defendant Intec Communications, LLC, by and through their undersigned counsel, hereby stipulate as follows and seek the entry of an Agreed Judgment to be entered against Defendant Intec Communications, LLC.

I.

The Parties previously reached a Fair Labor Standards Act settlement in this matter, which was submitted to the Court for approval. Pursuant to that settlement agreement, in the event that Defendant Intec Communications, LLC defaulted on its obligations to pay monetary consideration to the Plaintiff and Class Members under the settlement and failed to cure that default pursuant to the terms of the settlement agreement, the Parties consented to Plaintiff's right to seek entry of an Agreed Judgment against Defendant Intec Communications, LLC in the amount of One Hundred and Twelve Thousand Five Hundred Dollars ($112,500.00), pursuant to Section 6 of the Settlement Agreement.

Through the filing of this Stipulation, the Parties jointly agree and recognize that Defendant Intec Communications, LLC has defaulted on its obligations under the Settlement Agreement, and that Defendant Intec Communications, LLC has not timely cured that default, such that the entry of an Agreed Judgment against Defendant Intec Communications, LLC is appropriate.

II.

CONSIDERING the Settlement Agreement previously approved by this Court and considering the default provisions contained therein allowing for the entry of an Agreed Judgment and based on the stipulation herein by the undersigned counsel that Defendant Intec Communications, LLC is in default of the Court-approved Settlement Agreement, and finding that the Settlement Agreement provides for entry of an Agreed Judgment based on default:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff and Opt-In Plaintiffs are hereby awarded a monetary judgment of $112,500, less any and all amounts previously paid by Intec Communications, LLC pursuant to the terms of the Settlement Agreement and as of the date of entry of this Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that interest shall accrue on any unpaid balance of this Judgment at a rate of five percent (5%) per annum from the date of entry of Judgment until said Judgment is satisfied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff and Opt-In Plaintiffs are entitled to recover attorney's fees and court costs incurred in executing and collecting on this Judgment in the amount of $25,000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff and Opt-In Plaintiffs shall have the right to seek all applicable writs of execution and other process necessary to enforce this Judgment in accordance with applicable law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not granted herein is denied and that this Judgment finally disposes of all causes of action against all parties in this case.

SIGNED on this _____ day of _____, 2019.

_____
UNITED STATES JUDGE

AGREED AS TO FORM AND SUBSTANCE,

**For the Plaintiff:**

By: */s/ Don Foty*
Don J. Foty
State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@kennedyhodges.com

**For the Defendant:**

By: */s/ Brett Field*
Brett S. Field
State Bar No. 24050596
8750 North Central Expy, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
Email: brett@strombergstock.com